UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:19-CR-00003-GNS-HBB

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

AJANI JOHN STEVENS                                                                                          DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Revocation of Detention Release (DN 66). In his motion, Defendant requests that the Court revoke the detention order due to the COVID-19 pandemic and his health conditions, and seeks home detention as his punishment for the crime to which he pleaded guilty.

Pursuant to Fed. R. Crim. P. 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). As the Sixth Circuit as explained:

> The authority conferred by Rule 35(a) to a district court is extremely limited. The rule "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence . . . [or] used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." We have approvingly quoted the Second Circuit in expounding on the narrow scope of Rule 35(a), noting that "if [an error] did not constitute an obvious error or mistake that would have resulted in a remand by this Court," it is outside of Rule 35(a)'s narrow purview.

*United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (alteration in original) (internal citations omitted) (citation omitted).

In this case, Defendant was sentenced on May 6, 2020, and his motion was not filed until June 3, 2020—more than 14 days after sentencing. Because Defendant's motion is untimely and

1

2

does not appear to appropriately fall within the grounds articulated in Fed. R. Crim. P. 35(a) even if the motion were timely, the Court will deny the motion.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Revocation of Detention Release (DN 66) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

July 6, 2020

cc: counsel of record

2